UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RONNIE EDWARD DUKE,<br><br>    Defendant. | Case No. 17-20733<br>Honorable Laurie J. Michelson<br>Magistrate Judge Stephanie Dawkins Davis |

**ORDER ON MOTION FOR APPOINTMENT OF SECOND ATTORNEY TO ASSIST WITH REPRESENTATION OF DEFENDANT [37]**

Ronnie Edward Duke has been charged in a Superseding Indictment with nine counts of Wire Fraud Affecting a Financial Institution in violation of 18 U.S.C. § 1343 and five counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (ECF No. 32.) More specifically, he is charged with devising and operating a scheme from around November 18, 2010 through February 24, 2014, to defraud investors and financial institutions through the use of a bogus investment company called AMI. (*Id.*)

The indictment describes the scheme as follows. Duke allegedly solicited investors for AMI's "720 CFO Program." The potential investors were advised that they would be assigned as an officer in a company selected by Duke. Their personal information would be used to open business lines of credit and/or to obtain credit cards in their names and the names of the companies selected by Duke. (*Id.*) These credit lines would then be used to purchase, refurbish, and re-sell homes in Flint, Michigan. (*Id.*) The potential investors were advised that monthly payments would be made on their behalf and, at the end of the year, the remaining credit balances would be paid off. In exchange for the use of their personal information in opening the lines of credit, the

participants were promised a commission of 20% of the total amount of the credit opened in their name. (*Id*.) Over 70 people participated in the 720 CFO Program. (*Id*.)

The indictment further alleges that, in truth, Duke created merchant accounts with various financial institutions in the names of shell companies and then used the credit cards he obtained with the investors' personal information to make purchases and cash withdrawals in excess of $3,500,000. (*Id*.) Most of the money derived from the lines of credit/credit cards opened in the names of the 720 CFO Program participants was for Duke's personal use, to pay commissions to earlier participants, and to make minimum credit card payments. (*Id*.) According to the indictment, less than $15,000 in purchases could be construed as related to housing or home improvement costs. (*Id*.) Each individual wire fraud count in the indictment involves the purchase of a gift card or a cash advance using a credit card. (*Id*.) And the aggravated identity theft counts relate to the use of the participant's personal information to obtain these credit cards.

The initial indictment was filed on November 1, 2017. (*Id*.) CJA Counsel was then appointed on January 9, 2018. (ECF No. 7.) A superseding indictment adding the identity theft charges was returned on December 12, 2018. (ECF No. 32.) Previously, on July 30, 2018, the parties entered a stipulated order providing that "Defendant's Motion for Discovery in an Electronic Format that Defendant and Defense Counsel Can Review is Granted, and that the Government shall provide a copy to Defendant of all the discovery documents the Government had agreed to allow defense counsel to review in its office. The Government has the discretion to produce the discovery documents in electronic or paper format and to redact the personal information of investors (but not the names of the investors) from the documents, if it chooses to do so." (ECF No. 28.)

This discovery is apparently voluminous. It consists of over 90,000 pages of material. (ECF No. 37.) The Court recently issued an order for the BOP facility housing Duke to make a computer device available for at least two hours each day so that he too can review these materials. (ECF No. 35.) Trial is currently set for October 21, 2019. (ECF No. 34.)

Presently before the Court is Defendant's motion, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, for the appointment of a second attorney. (ECF No. 37.) Defendant says "the discovery is so voluminous and the financial issues so complex that without the assistance of a second attorney it would be most difficult for defense counsel to be adequately prepared to try this case within a reasonable period of time . . . and Defendant could be denied his right to effective assistance of counsel guaranteed under the Sixth Amendment to the United States Constitution." (*Id.*, PageID.132-133.)

The Sixth Circuit has directed the district courts to authorize services under § 3006A "upon a demonstration that (1) such services are necessary to mount a plausible defense, and (2) without such authorization, the defendant's case would be prejudiced." *United States v. Gilmore*, 282 F.3d 398, 406 (6th Cir. 2002). The Guide to Judicial Policy issued by the Administrative Office of the United States Court contemplates that a defendant might request the appointment of an "additional attorney," but suggests that such appointment is available only in "extremely difficult case[s] . . . [and] in the interest of justice." 7 Guide to Judiciary Policy § 230.53.20. "As most federal cases are not simple, appointment of a second attorney in a non-capital matter is necessarily limited to extremely difficult cases." *United States v. Wright*, No. 17-cr-00123, 2018 U.S. Dist. LEXIS 25484, at *3 (W.D.N.C. Feb. 15, 2018).

There is no doubt that review of the large volume of documents in this case will be time consuming. But this is not uncommon in business scheme cases that involve data dumps from

electronic devices. And while there are multiple wire fraud counts, they all relate to a single purchase during the alleged scheme and the identity theft counts arise out of the use of the credit cards to make these purchases. The case involves only one defendant and a charged scheme not overly complex. While it does appear to involve a vast financial fraud, the record presently before the court does not support that it is an "extremely difficult case" warranting the appointment of a second trial attorney. But again, time and resources will be needed to review the documents to determine, at least, what the relevant credit cards and business lines of credit were being used for. So to ensure adequate representation of Duke, the Court will authorize the use of CJA funds for the retention of a paralegal.

Thus, Defendant's motion for the appointment of a second attorney is **DENIED WITHOUT PREJUDICE** to the court reconsidering the issue prior to trial should a more sufficient showing be made. It is further ordered that a paralegal of defense counsel's choosing is hereby appointed under the Criminal Justice Act to assist with the representation of Defendant.

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: April 11, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, April 11, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager