UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

RONNIE EDWARD DUKE,

Defendant.

Case No. 17-20733
Honorable Laurie J. Michelson

---

## ORDER DENYING MOTION TO DISQUALIFY JUDGE [44]

Ronnie Edward Duke has been charged in a Superseding Indictment with nine counts of Wire Fraud Affecting a Financial Institution in violation of 18 U.S.C. § 1343 and five counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (ECF No. 32.) More specifically, he is charged with devising and operating a scheme from around November 18, 2010 through February 24, 2014 to defraud investors and financial institutions through the use of a bogus investment company called AMI. (*Id.*)

Duke was previously involved in a separate mortgage fraud scheme. In that case, he pled guilty on July 5, 2012, to one count of conspiracy to commit wire fraud. *United States v. Duke*, Case No. 11-20017 (E.D. Mich. 2011.) On June 3, 2013, Duke failed to self-surrender to the Bureau of Prisons to begin serving his 156-month sentence. This resulted in an arrest warrant and a new indictment charging one count of failure to surrender. *United States v. Duke*, Case No. 13-20881 (ECF No. 1.) Duke was arrested on February 24, 2014. The undersigned was a magistrate judge at the time and presided over Duke's arraignment on the failure to surrender charge. At the end of the arraignment, Duke physically assaulted the Assistant United States Attorney prosecuting the case. That resulted in additional charges that were handled by another judge.

Subsequently, the undersigned became a District Judge and was recently reassigned Duke's pending wire fraud and aggravated identity theft case. Duke now seeks the Court's recusal because the undersigned witnessed the February 2014 attack on the prosecutor in duty court.

A district judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [s]he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1). "[A] judge is presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)). The proper inquiry with respect to recusal is an objective one, and asks whether "'a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality.'" *United States v. Tolbert*, 459 F. App'x 541, 545 (6th Cir. 2012) (quoting *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990)). As the recusal standard is objective, a judge "'need not recuse [herself] based on the subjective view of a party, no matter how strongly that view is held.'" *Id.* (quoting *Sammons*, 918 F.2d at 599). Although a judge is obliged to disqualify herself when there is a close question concerning her impartiality, *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993), she "has an equally strong duty to sit where disqualification is not required," *United States v. Angelus*, 258 F. App'x 840, 842 (6th Cir. 2007) (citing *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (separate memorandum of Rehnquist, J.) (collecting cases)).

In seeking recusal, Duke argues that "[i]t is manifest that a reasonable, objective person, knowing all the circumstances of the courtroom assault, and cognizant of the improbability that any person could completely set aside the residual memories and visceral emotions associated with witnessing such an assault, would question the impartiality of the court. The issue is not whether

2

those memories and emotions could be set aside, but how the public would perceive the fairness of the proceedings in light of the possibility that they may not be." (ECF No. 44, PageID.160.)

The Court disagrees that recusal is warranted. Until this motion, the Court had not even made the connection with Duke. The undersigned was not involved in any of the proceedings involving the assault and, more importantly, has no personal bias against or animosity toward Duke as a result of this incident that occurred many years ago. Observing improper behavior by individuals involved in litigation—and not letting it influence the proceedings—is not an uncommon occurrence for a judicial officer.

Indeed, the Supreme Court has explained that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).[1] The Sixth Circuit applied the *Liteky* standard in a similar circumstance in *United States v. Tolbert*, 459 F. App'x 541 (6th Cir. 2012). In that case, the defendant struck a Deputy United States Marshal in the head with a water pitcher after the jury returned a guilty verdict. *Id*. at 543. The presiding district judge heard the commotion but did not see Tolbert strike the Deputy Marshal. *Id*. As Tolbert was being led out of the courtroom, he yelled threats against the judge and others. *Id*. The judge denied defendant's subsequent motion to disqualify him from handling the sentencing. The Sixth Circuit found that "because Tolbert has

---

[1] The Court further explained that "[t]he judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings . . . . Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings." *Id*. at 550-551.

not established that his actions created an extra-judicial source of partiality or that his conduct resulted in a judicial display of 'deep seated . . . antagonism that would make fair judgment impossible . . .' Tolbert has not shown that recusal was necessary or that the district court abused its discretion in denying his motion." *Id*. at 545 (quoting *Liteky*, 510 U.S. at 555). Other courts have likewise found that a judge's eye-witnessing an attack by a defendant does not warrant recusal. *See Leberry v. Howerton*, No. 10-00624, 2012 U.S. Dist. LEXIS 101781, at *13 (M.D. Tenn. July 23, 2012) (finding that even if the trial judge witnessed the assault on counsel, "this hardly shows that the judge was actually biased . . . ."), *aff'd in part and rev'd in part*, 2014 U.S. App. LEXIS 25135 (6th Cir. Sept. 22, 2014); *United States v. Garcia*, 417 F. App'x 440, 442 (5th Cir. 2011) (judge was not required to recuse himself, even though he observed defendant assaulting Assistant United States Attorney); *Wilks v. Israel*, 627 F.2d 32, 36–37 (7th Cir. 1980) (habeas relief not warranted even though trial judge did not recuse himself after petitioner became upset during a pretrial hearing and threw a stamping machine and a microphone at the judge, and, during trial, petitioner jumped from the chair and assaulted the judge).

Similarly here, Duke's assault on the AUSA more than five years ago that was quickly brought under control did not result in any deep-seated antagonism that would make fair judgment impossible in this unrelated criminal case. Thus, recusal is not warranted. So Defendant's motion to disqualify is DENIED.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: July 1, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 1, 2019.

s/William Barkholz
Case Manager to
Honorable Laurie J. Michelson