UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 17-cr-20733
    Hon. Matthew F. Leitman

RONNIE EDWARD DUKE,

    Defendant.
_____/

**ORDER (1) STRIKING DEFENDANT'S SUPPLEMENTAL BRIEF (ECF No. 174); (2) DENYING DEFENDANT'S MOTION TO APPOINT COUNSEL (ECF No. 172), AND (3) TERMINATING AS MOOT DEFENDANT'S MOTION TO SEAL (ECF No. 173) AND SUPERSEDED MOTION TO VACATE HIS SENTENCE (ECF No. 152)**

On December 7, 2021, Defendant Ronnie Edward Duke pleaded guilty in this Court to one count of Wire Fraud Affecting a Financial Institution, in violation of 18 U.S.C. § 1343, and one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). (*See* Rule 11 Plea Agmt., ECF No. 121.) Before Duke entered his plea, he assured the Court that he was "fully satisfied" with the manner in which his attorneys had represented him. (12/7/2021 Plea Hr'g Tr., ECF No. 141, PageID.1040-1041.) Then, at sentencing, Duke told the Court that he did not want to withdraw his plea and that his attorneys had "done a great job." (6/27/2022 Sent. Hr'g Tr. ECF No. 142, PageID.1069-1070, 1079.) Nonetheless, Duke has now filed

1

a motion to vacate his convictions and sentence under 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel. (*See* Mot., ECF No. 170.)

On June 27, 2023, Duke filed (1) his initial motion to vacate his sentence (*see* Mot., ECF No. 152) and (2) a supporting memorandum of law that consisted of 47 double spaced pages, excluding exhibits, which was nearly twice the size allowed under the Court's local rules. (*See* Memo. of Law, *id.*) Then, on September 26, 2023, Duke filed an addendum that included an additional 42 pages of legal argument and over 120 pages of additional exhibits. (*See* Addendum, ECF No. 158.)

On October 26, 2023, the Court struck Duke's oversized memorandum of law and his addendum. (*See* Order, ECF No. 161.) In that order, the Court cited and quoted the Court's local rules on page limitations and the size of text to Duke, and it explained why his brief did not comply with those rules. (*See id.*, PageID.1434-1435.) The Court then directed Duke to file a single, consolidated legal memorandum in support of his motion to vacate of no more than 50 pages – twice the length permitted by the Court's local rules. (*See id.*) It further warned Duke that if he "file[d] a motion longer than 50 pages, the Court [would] strike it from the record." (*Id.*, PageID.1436.)

On August 8, 2024, Duke filed several documents with the Court. He filed (1) a new motion to vacate his sentence under 28 U.S.C. § 2255 (*see* Mot., ECF No. 170), (2) a motion to appoint counsel (*see* Mot., ECF No. 172), (3) a motion to seal

his motion to vacate his sentence (*see* ECF Mot., No. 173), and (4) a consolidated supplemental brief in support of his motion to vacate his sentence (*see* Supp. Br., ECF No. 174).

The Court begins with Duke's supplemental brief. At first glance, that brief appears to comply with the Court's October 26 order because it is only 32 pages in length. However, the brief is substantially longer than the Court allowed Duke to file. While the brief is only 32 pages long, unlike his initial brief, which at least came close to complying with the Court's local rule that briefs need to be double spaced, this supplemental brief does not. Approximately 19.5 pages of Duke's brief are single spaced, and approximately 12.5 pages are spaced at 1.25 or 1.5 lines. This is not a mere technical violation of the rules. A double-spaced page is comprised of approximately 20 lines of text. Thus, the double-spaced, 50-page brief that the Court allowed Duke to file would include approximately 1,000 lines of text. Here, however, Duke's single-spaced pages have approximately 55 lines of text. And his 1.25 or 1.5-line-spaced pages have approximately 35 lines of text. That means that Duke's 32-page brief is comprised of approximately 1,500 lines of text, or 50-percent more text than the Court allowed. Simply put, Duke has manipulated his line spacing in order to create the false impression that he complied with the Court's October 26 order when in fact he is nowhere close to complying with the Court's order.

For all of these reasons, the Court will **STRIKE** Duke's supplemental brief from the record.[1] However, the Court will give Duke one final opportunity to file a supplemental brief. That brief shall be no more than **50 pages** in length (not including exhibits) and shall **fully** comply with this Court's local rules on the formatting of briefs, including but not limited to the rules on typeface size and line spacing. For Duke's benefit, those rules are as follows:

> (2)   Format. All papers must be on 8 ½ x 11 inch white paper of good quality, plainly typewritten, printed, or prepared by a clearly legible duplication process, and double-spaced, except for quoted material and footnotes. Margins must be at least one inch on the top, sides, and bottom. Each page must be numbered consecutively. This subsection does not apply to exhibits submitted for filing and documents filed in removed actions before removal from the state courts.
>
> (3)   Type Size. Except for standard preprinted forms that are in general use, type size of all text and footnotes must be no smaller than 10-1/2 characters per inch (non-proportional) or 14 point (proportional).

E.D. Mich. Local Rule 5.1(a)(2)-(3). Duke shall file his supplemental brief by no later than **December 16, 2024**. The Government shall file a response to Duke's

---

[1] The Court acknowledges that because Duke is in custody, he may not have access to the most updated computers or word processors. However, he has repeatedly shown the capacity to adjust the line spacing of his filings to this Court. For example, his initial supplemental brief was closer to double spaced than his most recent supplemental brief. And his most recent supplemental brief included pages with varying degrees of line spacing on different pages. Thus, Duke has shown that, when he wants to do so, he can comply with the Court's rules on line spacing.

supplemental brief by no later than **March 17, 2025**.  If Duke's supplemental brief does not comply with the rules explained above, the Court will strike it from the record.

The Court next turns to Duke's motion to seal. (*See* Mot., ECF No. 173.)  In that motion, he seeks to seal portions of his supplemental brief. (*See id.*)  Because the Court has struck that brief from the record, the Court will **TERMINATE** Duke's motion to seal **AS MOOT**.

Next, Duke has filed a motion asking the Court to appoint him counsel. (*See* Mot., ECF No. 172.)  That motion is **DENIED** because Duke has shown the capacity to sufficiently represent himself in this action.

Finally, the Court will **TERMINATE AS MOOT** Duke's initially-filed motion to vacate his sentence (*see* Mot., ECF No. 152) because it has been superseded by Duke's motion to vacate that he filed on August 8 (*see* Mot., ECF No. 170).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 12, 2024

5

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 12, 2024, by electronic means and/or ordinary mail.

                                        s/Holly A. Ryan
                                        Case Manager
                                        (313) 234-5126